IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOSHUA BROOKS PAGE                                                                    PLAINTIFF

V.                                                               CIVIL ACTION NO. 1:14CV221-DAS

**DANNY EARL STARKS**, individually;
MONROE COUNTY, MISSISSIPPI; and
MONROE COUNTY SHERIFF'S
DEPARTMENT                                              DEFENDANTS

## ORDER

This matter is before the court *sua sponte* and concerns the propriety of retaining the Monroe County Sheriff's Department as a named defendant in this action. Previously, plaintiff was ordered to show cause (#27) for why the Sheriff's Department should remain a party. For the following reasons, the court finds that the plaintiff has not met this burden.

Plaintiff appears to have added the claim against the sheriff's department out of an abundance of caution, relying on *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458 (5th Cir. 2001). In *Oden*, a former sheriff's deputy, pursuant to 42 U.S.C. § 1983, filed Title VII claims against the sheriff in both his official and individual capacities, as well as against the county in which the sheriff's department was located. The deputy successfully prosecuted his case, and the district court rendered judgments against all three defendants.

On appeal, however, the Fifth Circuit invalidated the judgment against the county. Suggesting that the sheriff in his official capacity,[1] rather than the county, was the proper defendant in Title VII cases, the Fifth Circuit wrote:

---

[1] "[O]fficial-capacity suits generally represent…another way of pleading an action against an entity of which an officer is an agent." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009). Therefore, naming the sheriff in his official capacity is merely another way of naming the sheriff's department.

> Sheriff Bryan was solely responsible for hiring, promoting, and establishing the deputies' wages. The County's only responsibility was to approve the Sheriff's budget and allocate the necessary funds. Because Sheriff Bryan was the elected official who made all decisions concerning promotions within the Sheriff's Department, he was [the plaintiff's] employer for purposes of Title VII. We therefore reverse the district court's judgment against Oktibbeha County …under Title VII.

*Oden*, 246 F.3d at 465. Further confounding the issue in the present case, the *Oden* Court also appears to have characterized the sheriff's department as a "separate government entity" capable of being sued. *Id*. at 464, n. 3.[2] Though it is unclear whether the Fifth Circuit would re-affirm it today, courts in this district have continued to apply *Oden* as written in Title VII cases. *See, e.g. Westmoreland v. Calhoun County*, No. 3:08cv135 (N.D. Miss. 2009).

Like *Oden*, the plaintiff in this case is seeking damages under 42 U.S.C. § 1983. Unlike *Oden*, however, the present case concerns the alleged use of excessive force by a sheriff's deputy, not employment discrimination. Thus, *Oden's* Title VII liability analysis is inapplicable to the case at bar,[3] and the general rule governing whether an entity has the capacity to be sued applies. Pursuant to Federal Rule of Civil Procedure 17(b), "the law of the state where the court is located" governs whether an entity has the capacity to be sued. Therefore, the Mississippi Tort Claims Act is controlling on this issue. Although the MTCA permits suits against certain governmental entities, including political subdivisions,[4] the Mississippi Supreme Court has held that "sheriff's departments are not political subdivisions within the meaning of the MTCA" and should be dismissed. *Brown v. Thompson*, 927 So.2d 733, 737 (Miss. 2006). For this reason, the Monroe County Sheriff's Department should be dismissed from the instant action.

---

[2] This footnote is plainly dicta, and the particular claim in question had been disposed of on other grounds.
[3] "In rare circumstances, the Fifth Circuit has applied Title VII liability to an individual in his official capacity if that individual has sole authority for hiring, firing, and promotions." *Claiborne v. Mississippi Bd. Of Pharmacy*, 2011 WL 3684431, at *3 (S.D. Miss. Aug. 22, 2011) (citing *Oden*, 246 F.3d at 463-64).
[4] *See* Miss. Code Ann. § 11-46-1.

**IT IS THEREFORE ORDERED** that the Monroe County Sheriff's Department is dismissed from this action.

**SO ORDERED** this, the 29th day of July, 2015.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE