IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOSHUA BROOKS PAGE                                                                           PLAINTIFF

VS.                                                                   CIVIL ACTION NO: 1:14CV221-DAS

DANNY EARL STARKS,
ET AL.                                                                                       DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on plaintiff Joshua Brooks Page's motion for partial summary judgment (#61) against defendant Danny Earl Starks. The underlying action seeks to recover damages for Starks' conduct that allegedly deprived Page of his constitutional rights in violation of 42 U.S.C. § 1983. For the reasons set forth below, the court finds that Page's motion should be granted.

## I. Background

On October 17th, 2012, Danny Earl Starks, along with several other Monroe County sheriff's deputies, responded to a domestic violence report at Joshua Brooks Page's home. By the time Starks arrived at the scene, Page was in handcuffs and in the custody of two other law enforcement officers. However, according to Starks, Page was far from subdued. While he was being removed from the residence, Starks alleges that Page was cussing at the law enforcement officers and spit on his face, thereby causing Starks to strike Page.

Subsequently, the Federal Bureau of Investigation investigated the incident, and Starks was prosecuted for assault. By criminal information, Starks was charged with the following:

> On or about October 17th, 2012, in Monroe County, in the Northern District of Mississippi, the defendant, DANNY EARL STARKS, while acting under color of law as Sheriff's Deputy with the Monroe County Sheriff's Office, unlawfully assaulted [plaintiff] by striking [plaintiff] in the head and face with his fist, thereby willingly depriving [plaintiff] of the right, secured and protected by the United States Constitution and Laws of the United States, to be free from the use

1

of unreasonable force by a law enforcement officer…All in violation of Title 18, United States Code, Section 242.

Doc. 61-4. Starks ultimately pleaded guilty to assaulting Page under color of state law pursuant to 18 U.S.C. § 242. On the heels of Starks' conviction, Page filed this action, alleging an excessive force claim under 42 U.S.C. § 1983.

In the present motion for partial summary judgment, Page argues that because Starks pleaded guilty to assault under § 242, he is liable as a matter of law, leaving only the issue of damages to be litigated.

## II. Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure if "[t]here is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.

On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986).

To determine whether there is a genuine dispute as to any material fact, the court must consider "all of the evidence in the record but refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). The court must make all reasonable inferences in favor of the non-moving party, *Reeves*, 530 U.S. at 150; "however, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Id.* (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

### III. Discussion

Page's motion for partial summary judgment depends on whether the doctrine of offensive collateral estoppel is applicable to this matter. According to the Fifth Circuit, to bar relitigation of an issue previously decided, Page must show: "(1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine." *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 391 (5th Cir. 1998). Trial courts have broad discretion to determine whether the offensive collateral estoppel bar should apply. *Id*. at 392.

If a civil suit is filed on the heels of a criminal conviction, "the general rule is that collateral estoppel applies equally whether the prior criminal adjudication was based on a jury verdict or a guilty plea." *Brazzell v. Adams*, 493 F.2d 489, 490 (5th Cir. 1974). "Because of the existence of a higher standard or proof and greater procedural protection in a criminal prosecution, a conviction is conclusive as to an issue arising against the criminal defendant in a subsequent civil action." *United States v. Thomas*, 709 F.2d 968, 972 (5th Cir. 1974).

3

<u>*1. Whether the issue under consideration is identical to that previously litigated.*</u>

To reiterate, the underlying issue is whether Starks is liable as a matter of law under Page's 42 U.S.C. § 1983 claim. For liability to attach, Page must show he suffered "(1) an injury that (2) resulted directly and only from [Starks'] use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Flores v. City of Palcios*, 281 F.3d 391, 396 (5th Cir. 2004). Starks' conviction turned on precisely this issue. To be convicted under 18 U.S.C. § 242, an individual must have: (1) willfully, (2) deprived another of a federal constitutional right, (3) under color of law. *United States v. Williams*, 343 F.3d 423, 431-32 (5th Cir. 2003). Starks pleaded guilty to depriving Page of the right to be free from the unreasonable use of force by a law enforcement officer—a Fourth Amendment violation. The Fourth Amendment analysis under § 242 is identical to that employed in § 1983 excessive force claims.[1]

Moreover, this is not an issue of first impression in the Fifth Circuit. For example, in *Vela v. Alvarez*, the plaintiff filed a motion for partial summary judgment based on the doctrine of collateral estoppel in a suit brought under § 1983. 507 F. Supp. 889 (S.D. Tex. 1981). Like the case at bar, the defendant was a former police officer who had been convicted under § 242 for assaulting the plaintiff, and thereby, depriving him of his constitutional rights under the Fourth Amendment. Noting that the issues in the two actions were virtually identical, the court held the defendant was precluded from relitigating those issues previously decided in his criminal conviction. *Id*. at 889. Therefore, the predominant issue determined during Starks criminal proceedings—whether he violated Page's Fourth Amendment rights—is identical to the

---

[1] For violations arising under the Fourth Amendment, the prosecution must establish "(1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *United States v. Brugman*, 364 F.3d 613, 616 (5th Cir. 2004).

4

issue now before the court—whether Starks is civilly liable to Page for his use of excessive force.[2]

*2. Whether the issue was fully and vigorously litigated in the previous action.*

At first blush, the answer would appear issue was not fully litigated in the previous action: Starks' conviction was the product of a plea agreement. As previously stated, however, the general rule in the Fifth Circuit is that collateral estoppel applies even if the prior criminal adjudication was based on a guilty plea. *Brazzell*, 493 F.2d at 490. Bound by precedent, the court finds Starks' guilty plea satisfies the "fully and vigorously litigated" requisite.

*3. Whether the issue was necessary to support Starks' previous conviction.*

For the reasons discussed above, the court also finds that the issue presently under consideration was necessary to support Starks' criminal conviction. Without establishing Starks had violated Page's Fourth Amendment right to be free from the use of unreasonable force, an essential element under § 242 would not have been satisfied—deprivation of a federal constitutional right.

*4. Whether any special circumstances exist that would make preclusion inappropriate.*

The Supreme Court has set out three special circumstances that would make issue preclusion unfair, none of which are applicable here: (1) when the plaintiff easily could have joined the previous action but chose not to; (2) if the defendant had little incentive to defend vigorously; and (3) if the judgment upon which the plaintiff seeks to rely is itself inconsistent with a previous judgment in favor of the defendant. *Parklane Hosiery, Inc. v. Shore*, 439 U.S. 322, 330-31 (1979).

---

[2] Lending further support to this conclusion, the Supreme Court has declared 18 U.S.C. § 242 and 42 U.S.C. § 1983 to be analogues of one another, with "linguistic differences" not "thought to be substantive." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 214 n. 23 (1970); *see also Fundiller v. Cooper City*, 777 F.2d 1436, 1439 (11th Cir. 1985) (noting that § 242 serves as the criminal counterpart to a § 1983 claim).

Nevertheless, Starks argues preclusion is inappropriate because establishing a Fourth Amendment violation under § 1983 requires proving that he "acted with malice, in a sadistic manner, for the sole purpose of causing harm and for no other reason." Doc. 70. Because this standard is higher than that applied to his criminal proceedings, Starks contends he cannot be precluded from litigating whether his use of force was unreasonable. However, the standard Starks cites in support of his argument arises under the Eight Amendment,[3] and therefore, it is inapplicable here because Page needs only to prove that Starks' use of force was "objectively unreasonable" to recover under his § 1983 excessive force claim. *Flores*, 281 F.3d at 396. Consequently, precluding Starks from relitigating whether he violated Page's Fourth Amendment right to be free from the use of unreasonable force would be neither inappropriate nor unfair.

Accordingly, the court finds the doctrine of collateral estoppel applies in this instance. As a result, there is no genuine issue of material fact as to whether Starks used excessive force in violation of the Fourth Amendment when he struck Page. Starks is estopped from arguing that his use of force was objectively reasonable, and thus, he cannot show there is a genuine issue for trial.

IT IS, THEREFORE, ORDERED that plaintiff's motion for partial summary judgment (#61) is hereby GRANTED.

SO ORDERED this, the 28th day of January, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[3] In the case cited by Starks, *Bonet v. Shaw*, the court explains that the plaintiff's claim alleged a violation of the Eighth Amendment rather than the Fourth Amendment: "In order to prevail on a claim alleging a violation of the Eighth Amendment, plaintiff must establish that defendants acted maliciously and sadistically to cause harm to plaintiff." 669 F. Supp. 2d 300, 304 (W.D.N.Y. 2009).